MENGELL, APPELLANT, *v.* REGISTRAR OF MAYAGÜEZ, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of Mayagüez Refusing to Cancel a Lien.

No. 543.—Decided January 9, 1923.

RECORD OF TITLE—ASSUMPTION OF DEBTS—TAX SALE—LIENORS—NOTICE.—Property of a deceased husband was adjudicated to the widow to cover her portion of the estate and for the payment of debts assumed by her. Later the property was sold for delinquent taxes, but the Treasurer did not give the notice to lienors required by section 315 of the Political Code. The purchaser at the tax sale sought to have the charge of the deceased's debts against the property canceled in the registry. *Held:* That failure to notify the lienors left the liens intact despite the tax sale.

The facts are stated in the opinion.
*Mr. J. Sabater* for the appellant.
The respondent appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the court.

Antonio Mengell has a record title to a certain piece of property. The title was obtained mediately by a tax sale.

The property once belonged to Julio Audinot, since deceased, and was sold for taxes after the death. Before the sale and during testamentary proceedings the property in controversy was adjudicated to Josefa Monagas, the widow of Audinot, the adjudication to cover her portion of the estate and for the payment of debts which were assumed by her. It seems to be conceded that under section 23 of the Mortgage Law or otherwise the debts of a decedent are charged against the property so adjudicated. Appellant sought to have this charge cancelled by presenting a petition to the registrar of Mayagüez stating the facts. The registrar refused to cancel because, as set forth by him, in making the tax sale section 315 of the Political Code had not been followed. The pertinent part of this section is as follows:

"In all cases where real estate is embargoed and sold for the payment of taxes the Treasurer of Porto Rico shall notify all persons having a mortgage or other lien on said property of record of such sale and in such notice shall state the date of the sale, the amount for which the property was sold, and such other facts as he may deem advisable."

In *Salgado* v. *Registrar of San Juan,* 26 P. R. R. 157, we upheld the action of the registrar in refusing to record a tax title where section 315, *supra,* had not been followed, and appellant concedes the principles of that case. He maintains, however, that the title that he bought belonged to the widow to whom it was assigned in payment of her share of the estate and to pay the debts of the estate which she had assumed; that by this assumption she, the subsequent delinquent taxpayer, in effect or actually relieved the estate of the alleged charge and that therefore she stood in the shoes (*se subragó*) of the creditors of the estate; that when the property was sold for taxes in the sum of $1,000 the balance of this amount, after deducting the taxes, was paid to her and she accepted the payment, thus ratifying or remedying

any lack of notice under section 315, *supra*. Also that the sale for taxes extinguished the lien.

Section 23 of the Mortgage Law, upon the assumption of the debts by a person in exchange for a transfer of property, exonerates the rest of the estate and apparently the heirs as well. This emphasizes the necessity that the particular estate conveyed should be charged with the lien of the debts. Therefore, we cannot see how this conceded lien for the claim of creditors could be extinguished by any act on the part of the person obliged to pay the debt or by a public sale. The only way in such case to discharge the lien on the debtor's part would be by paying the debts. The creditors have rights.

Concededly, all that the Treasurer sold was the interest that the widow had in the estate by adjudication. The Treasurer, whether he had a right to sell or not, could not extinguish this charge without notifying the owners of the debts as provided in section 315. If the said owners were unknown, either they could be proceeded against by edicts or there was no way of cancelling said charge. There is even a doubt if the property could be legitimately sold as indicated in *Salgado* v. *Registrar of San Juan, supra.*

The fact remains that the property was sold for taxes and recorded, but we feel bound to hold that the failure to notify the lien-holders left the lien intact despite the tax sale.

There is no question of a third person, for all these facts appeared from the registry and a person buying at a tax sale takes subject to the laws in force.

The note must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.